**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.  25-61741-CIV-SMITH/ AUGUSTIN-BIRCH**

ANNA SOLOMON,

     Plaintiff,

v.

CITY OF LAUDERHILL, *et al*.,

     Defendants.

                          /

## ORDER AFFIRMING AND ADOPTING REPORT OF MAGISTRATE JUDGE

This matter is before the Court upon the Report and Recommendation (the "Report") of the Honorable, Panayotta Augustin-Birch, on Defendants' Motion to Dismiss [DE 41].  In her thorough and well-reasoned Report, Judge Augustin-Birch recommends that Defendants' Motion to Dismiss be granted.  Plaintiff filed objections to the Report.

A district court may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1).  Those portions of the report and recommendation to which objections are made are accorded *de novo* review, if those objections "pinpoint the specific findings that the party disagrees with."  *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3).

The Court, having considered Judge Augustin-Birch's Report, Petitioner's objections thereto, and having conducted a *de novo* review of the record, agrees with Judge Augustin-Birch's well-reasoned analysis and her recommendation that the Motion to Dismiss be granted. As Judge Augustin-Birch correctly articulated in the Report, "Plaintiff has already had the prohibition on shotgun pleading explained to her on numerous occasions in her prior case that raised similar claims against many of the same Defendants as those present her." (DE 58 at 4.)

Ultimately, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and impose unwarranted expense on the litigants, the court, and court's para-judicial personal and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard." *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1356–57 (11th Cir. 2018) (citing *Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997)). There is no rule "requiring district courts to endure endless shotgun pleadings." *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1297 (11th Cir. 2018). Despite this Court's instructions, Plaintiff failed to provide a "short and plain statement" giving Defendants fair notice of the claims against them and the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). As a result, the Court concludes that giving Plaintiff another opportunity to avoid shotgun pleading would be futile. *See Brutus v. Int'l Equity Lifestyle Props, Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240–41 (11th Cir. 2009) (explaining that dismissal of the action may be severe but warranted when the grounds for dismissal were previously notified); *see also Cave v. Stone*, 2021 WL 4427451, at *17 (S.D. Fla. Sept. 27, 2021) (Altman, J.) (dismissing the amended complaint *without* leave to amend because "[o]ur careful review of [the plaintiff's] claims— and their many irreparable failings—leaves us with the firm impression that allowing her to amend again would be a waste of everyone's time").

Accordingly, it is

**ORDERED** that:

1)      The Report and Recommendation [DE 58] is **AFFIRMED and ADOPTED** and incorporated by reference into this Court's Order.

2)      Defendants' Motion to Dismiss [DE 41] is **GRANTED**.

3)      Plaintiff's First Amended Complaint [DE 29] is **DISMISSED with prejudice**.

4)      This case is **CLOSED.**

**DONE and ORDERED** in Fort Lauderdale, Florida, this 8th day of July, 2025.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE

cc:  All counsel of record